## Rhodes v. Rhodes

*Donald L. Kornfield*, for plaintiff.
*Joseph Colavecchi*, for defendant.

KELLER, *P.J.*, September 16, 1986—Plaintiff filed a complaint in divorce under §201(d) on January 24, 1986, together with the notice to defendant and plaintiff's affidavit under §201(d) of the Divorce Code, and affidavit of nonmilitary status. On February 18, 1986, defendant's answer and counterclaim was filed. The answer essentially admitted all of the allegations of plaintiff's complaint. The counterclaim also avers a cause of action under 201(d). Counts 1, 2 and 3 request equitable distribution, alimony pendente lite and alimony under 501(a) and 502 of the Divorce Code, and counsel fees, costs and expenses under 301(a)(1), 401(b) and 502 of the code. On May 22, 1986, plaintiff petitioned for a rule to show cause why a divorce should not be granted and for the balance of the issues raised in the counterclaim to be bifurcated. An order of court was entered May 28, 1986, directing the issuance of the rule to show cause prayed for, and making the rule returnable 20 days after service. Defendant's answer to plaintiff's petition and rule was filed on June 9, 1986, and in addition to

alleging that defendant had been delayed in communicating with her attorney due to being hospitalized for a heart attack, opposed the bifurcation prayed for by plaintiff and requesting disposition of all issues raised. On June 16, 1986, counsel for plaintiff listed the matter for argument at the argument court scheduled for August 19, 1986. On August 7, 1986, plaintiff's petition for alimony pendente lite, counsel fees and costs was filed.

Counsel for the parties timely filed briefs on plaintiff's petition for bifurcation, and oral argument was heard on August 19, 1986. The matter is now ripe for disposition.

It appears that the parties agree that they have lived separate and apart since July 1979, and have had no economic involvement with each other since that date, despite two unsuccessful attempts on the part of defendant to secure support from plaintiff. Plaintiff asserts no specific reasons for desiring bifurcation other than that he desires to be freed from the marriage to pursue his own lifestyle. Defendant raises the spector of various problems that might arise if the proceeding is bifurcated, and notes the possible burden of multiple hearings burdening an already overcrowded court schedule. Counsel for defendant very candidly admitted that he could not identify any specific prejudice that would flow from bifurcating the proceedings and conceded that he did not wish his client to lose the economic leverage she had while the marriage continued. Counsel also suggested that he needed additional time to learn of plaintiff's assets for resolution of the equitable-distribution issue.

In Walk v. Walk, 318 Pa. Super. 311, 464 A.2d 1459 (1983), the Superior Court held economic claims may be severed from divorce claims, and the trial court is required to exercise discretion in deter-

mining whether or not to bifurcate the issues in a divorce proceeding. In the case at bar, we conclude the facts of the physical and economic total separation of the parties for a period in excess of seven years outweighs the speculative disadvantages asserted by defendant. We will, therefore, grant plaintiff's petition for bifurcation.

Parenthetically, we feel it appropriate to observe that if defendant prevailed in her claims for equitable distribution, counsel fees and expenses, and alimony, the fact that a divorce decree may be granted will not adversely affect her right of recovery. In addition, if she should prevail in her claim for alimony pendente lite, she would be entitled to recover any award made from the date of the filing of the claim until the date of the decree in divorce. It would also appear the parties and their counsel have failed to take any action toward the resolution of the economic issues to date. It is hoped that this action of the court will encourage them to seek to resolve the matters or bring them before the court in an appropriate proceeding.

## ORDER OF COURT

Now, this September 16, 1986, the petition for bifurcation of the action for divorce from the economic issues raised by defendant's counterclaim is bifurcated.